UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| Kenneth W. Simmons, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 08-1337 |
| ) | |
| Sergeant Catton, ) | |
| Deputy Troyer, ) | |
| Sheriff Huston, ) | |
| Tazewell County Sheriff's Dep't, ) | |
| Tazewell County State's Attorney's ) | |
| Office, and ) | |
| State's Attorney Stewart Umholtz, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

On September 8, 2009, a Report & Recommendation was filed by Magistrate Judge Byron G. Cudmore in the above captioned case. Plaintiff Simmons filed his objections to the Report & Recommendation [#66] on September 24, 2009. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Lockert v. Faulkner, 843 F.2d 1015 (7th Cir. 1988); and Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986).

The relevant procedural history is sufficiently set forth in the comprehensive Report & Recommendation of the Magistrate Judge. Suffice it to say that Plaintiff has brought this litigation alleging unreasonable search of his property, unreasonable seizure of his person, retaliation, and violation of equal protection. He further alleges a claim for failure to train and supervise the officers to prevent them from committing constitutional violations.

Defendants Umholtz, Catton, Troyer, and Tazewell County Sheriff's Department have moved to dismiss the Amended Complaint directed toward them.

The Court concurs with the recommendation that Plaintiff has stated no cognizable claim against Defendant Umholtz in his individual and official capacities, and that any claims against the Tazewell County Sheriff's Department, Deputy Troyer, and Sergeant Catton in their official capacities are redundant of the claims against Defendant Huston in his official capacity.  The Court further concurs with the recommendation that Plaintiff has failed to state claims regarding seizure under the Fourth Amendment and that Defendants have a Constitutional duty to investigate Plaintiff's complaints and interview witnesses. Although Plaintiff argues that he was seized because he could not safely enjoy his property or leave it without being assaulted, his own factual allegations are insufficient to sustain that claim. The Court further concurs with the recommendation that Defendant Tazewell County State's Attorney's Office be dismissed on the grounds of Eleventh Amendment sovereign immunity.  Plaintiff erroneously argues that no immunities are available to the Defendants because they failed to do their official duties, but as the Report & Recommendation makes clear, immunities are clearly available to the States Attorney's Office here.  *See* R&R 12-15, 16-17.  Finally, the Court agrees that Plaintiff's unreasonable search claim under the Fourth Amendment must remain in the case for further development.

Accordingly, the Court now adopts the Report & Recommendation [#63] of the Magistrate Judge in its entirety.  Defendants' Motion to Dismiss [#39] is GRANTED IN PART and DENIED IN PART.  Defendants Tazewell County Sheriff's Department and Tazewell County State's Attorney's Office are terminated as parties to this litigation, and Defendants Troyer and Catton are dismissed in their official capacities only.  Defendant

Umholtz is dismissed in both his official and individual capacities. Plaintiff Simmons's seizure claim under the Fourth Amendment and his claim that Defendants have a Constitutional duty to investigate his complaints and interview witnesses are dismissed. The Motion to Dismiss is denied in all other respects, leaving individual capacity claims against Defendants Troyer and Catton, individual and official capacity claims against Defendant Huston, and claims of retaliation and "class-of-one" equal protection, to go forward into discovery.

    ENTERED this 30th day of September, 2009.

                                           s/ Michael M. Mihm_____
                                           Michael M. Mihm
                                           United States District Judge